IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ISAIAH S. THOMPSON, 01698637, ) | |
| AKA ISAIAH SIMPSON ) | |
|     Petitioner, ) | |
| ) | |
| v. ) | No. 3:14-CV-3421-K |
| ) | |
| WILLIAM STEPHENS, Director, TDCJ-CID, ) | |
|     Respondent. ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The Findings, Conclusions and Recommendation of the Magistrate Judge follow:

**I.  Procedural Background**

Petitioner challenges his conviction for aggravated robbery in this habeas corpus proceeding brought under 28 U.S.C. § 2254. *State of Texas v. Isaiah Simpson*, F-0953864-Y (396th Dist. Ct., Dallas County, June 28, 2012). He was sentenced to thirty-five years in prison. On November 9, 2013, the Fifth District Court of Appeals affirmed Petitioner's conviction and sentence. *Simpson v. State*, No. 05-12-00999-CR (Tex. App. – Dallas 2013). On April 9, 2014, the Court of Criminal Appeals dismissed Petitioner's petition for discretionary review. Petitioner did not file a state habeas petition.

On August 1, 2014, Petitioner filed the instant § 2254 petition arguing that his conviction and sentence violate the Double Jeopardy Clause. On February 3, 2015, Respondent filed a

motion to dismiss for failure to exhaust state remedies. The Court determines Respondent's motion should be granted.

## II. Exhaustion of State Remedies

A petitioner must fully exhaust state remedies before seeking federal habeas relief. *See* 28 U.S.C. § 2254(b). This entails submitting the factual and legal basis of any claim to the highest available state court for review. *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982). A Texas prisoner must present his claim to the Texas Court of Criminal Appeals in a petition for discretionary review or an application for writ of habeas corpus. *See Bautista v. McCotter*, 793 F.2d 109, 110 (5th Cir. 1986); *Richardson v. Procunier*, 762 F.2d 429, 432 (5th Cir. 1985). A federal habeas petition that contains unexhausted claims must be dismissed in its entirety. *Thomas v. Collins*, 919 F.2d 333, 334 (5th Cir. 1990); *Bautista*, 793 F.2d at 110.

In this case, although Petitioner filed a petition for discretionary review, he did not raise his current claim that his conviction and sentence violate the Double Jeopardy Clause. He has also not filed a state habeas petition. Consequently, Petitioner has not presented his claims to the Texas Court of Criminal Appeals and has failed to exhaust his state remedies.

## III. Recommendation

For the foregoing reasons, the Court recommends the District Court grant Respondent's motion to dismiss the petition without prejudice for failure to exhaust state court remedies.

Signed this 2nd  day of March,  2015.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).